IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,684-02






EX PARTE ADRIAN QUINTANA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2008CR2880-W2 IN THE 175TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to twenty-five years' imprisonment. 

 Applicant contends that he is being denied credit for pre-sentencing jail time awarded to him
by the trial court in a judgment nunc pro tunc. Applicant alleges that the trial court signed the order
nunc pro tunc granting him 523 days of additional credit on May 22, 2013. Applicant alleges that
TDCJ has not acknowledged the judgment nunc pro tunc or adjusted his sentence accordingly. 
Applicant has submitted his claim to the time credit resolution system of TDCJ, but has been
informed that TDCJ will not change his time calculations without receiving a copy of the judgment
nunc pro tunc. 

 The trial court entered findings of fact and conclusions of law on August 27, 2013, indicating
that it has determined from TDCJ that the judgment nunc pro tunc was received and that Applicant
has been granted the time credit by TDCJ as ordered by the trial court. However, TDCJ does not
have any record of having received the judgment nunc pro tunc and has not made any adjustments
in Applicant's time credit or sentence in this case.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact.

 The trial court shall send a copy of the judgment nunc pro tunc to TDCJ and shall supplement
the habeas record with copies of both the original judgment in this case and the judgment nunc pro
tunc. The trial court shall also supplement the record with written confirmation that the judgment
nunc pro tunc has been received by TDCJ and that Applicant's time credits have been corrected to
reflect the proper amount of pre-sentencing jail time credit awarded by the trial court. 

 The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: September 25, 2013

Do not publish